FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 MAR 27 AM 9: 55
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| MAURICE NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-186 |
| ) | |
| DRUMMAC, INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

In an order dated February 26, 2007, this Court directed plaintiff to show cause why this case should not be dismissed because of his failure to participate in the conference required by Fed. R. Civ. P. 26(f) or cooperate with defendant's counsel in preparing a joint status report. Doc. 15. The Court afforded plaintiff ten days to comply with its order. Id. Ten days have passed and plaintiff has not complied with the Court's February 26th order or offered any explanation for his failure to do so.

A district court retains the inherent power to police its docket and to enforce its orders. Link v. Wabash Railroad Co., 370 U.S. 626, 630-31

(1962); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Brown v. Tallahassee Police Dept., 2006 WL 3307444, *1 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." L.R. 41.1 (b), (c).

"[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It follows that "[t]hese rules provide for sanctions . . . for failure to comply with court orders," and a pro se litigant "is and should be subject to sanctions like any other litigant." Id. Plaintiff has made no attempt to comply with this Court's order directing him to show cause why his case should not be dismissed. Further, plaintiff offered no response explaining his failure to

comply with an order of this Court or cooperate with defendant's counsel in preparing a Rule 26 Report or the joint status report. Plaintiff's failure to cooperate with defendant's counsel and his willful disregard of an order of this Court warrant a dismissal of plaintiff's action under Rule 41(b). No lesser sanction short of dismissal appears appropriate given plaintiff's failure to show any interest in prosecuting this action. <u>Mingo</u>, 864 F.2d at 102; <u>Goforth v. Owens</u>, 766 F.2d 1533, 1534 (11th Cir. 1985).

**SO REPORTED AND RECOMMENDED** this 27th day of **March, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA